Filed 6/21/13  P. v. Pineda CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOHN FELIPE PINEDA et al.,<br><br>     Defendants and Appellants. | G046035<br><br>(Super. Ct. No. 09NF0610)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James P. Marion, Judge; and Frank F. Fasel, Judge.  (Retired judge of the Orange County Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

Ron Boyer, under appointment by the Court of Appeal, for Defendant and Appellant John Felipe Pineda.

Alex Mendoza, for Defendant and Appellant Eduardo Javier Zavala.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

THE COURT:[*]

Co-defendants John Felipe Pineda (Pineda) and Eduardo Javier Zavala (Zavala) appeal after the jury convicted them of two counts of second degree robbery, two counts of assault with a deadly weapon and force likely to produce great bodily injury, and one count of active participation in a criminal street gang. On appeal, both defendants argue the trial court should have stayed the sentence for active participation in a criminal street gang pursuant to Penal Code section 654 rather than ordering it to run concurrently with the sentence for one count of robbery.[1]

The Attorney General concedes the argument, and we agree. The California Supreme Court's recent decision in *People v. Mesa* (2012) 54 Cal.4th 191, which held that a defendant may not be punished for both the substantive offense of active participation in a criminal street gang and the requisite underlying felony used to satisfy the gang participation element of the crime, compels this result. Accordingly, we stay the sentence imposed for active participation in a criminal street gang and affirm the judgment as modified.

*Background*

During the evening of February 22, 2009, Pineda and Zavala attended a family baptismal party which ended after the police arrived. Pineda and Zavala left the party to go to another party along with five other males. They all piled into Zavala's Chevy Tahoe and Zavala said to them "You want to cruise by?" Zavala then steered the vehicle towards a small alleyway.

Zavala stopped in front of a small open garage where victims Elio Moreno and Miguel Quintero were sitting inside drinking beer. The men confronted Moreno and Quintero and demanded to know their gang membership. They struck Quintero and

---

[*]  Before O'Leary P. J., Moore, J., and Thompson, J.

[1] All statutory references are to the Penal Code unless otherwise stated.

2

Moreno, took Quintero's wallet, keys and a chain, and also took Moreno's wallet and cell phone. One of the attackers stabbed Quintero in the chest and stomach and hit him over the head with a beer bottle. Also, one of the attackers yelled out "Puro Eastside," and asked Quintero where he was from. When Quintero said "None," the man said to him, "Okay, Puro Eastside. Well, we'll leave you a memory from us" and then stabbed Quintero in the leg.

The men got back in the Tahoe and drove further down the alleyway. There, they encountered Andres and Santiago Arciniega, two brothers who lived in the same complex as Quintero, who were walking towards their car. The men got out of the Tahoe and approached the Arciniegas. The men began displaying gang signs and asked the Arciniegas where they were from. The Arciniegas replied "Nowhere" and "We don't bang." The assailants then attacked the Arciniegas. One of the attackers yelled out "BST," which Santiago Arciniega understood to refer to the Barrio Small Town criminal street gang.

While the attack on the Arciniega brothers was taking place, an unmarked police car with two uniformed officers arrived. The attackers scattered, and the officers eventually apprehended Zavala and Pineda.

The prosecution's gang expert testified that Pineda and Zavala were active gang members in the Barrio Small Town criminal street gang, and their involvement in the crimes involving Quintero, Moreno, and the Arciniega brothers was for the benefit of, at the direction of, or in association with the Barrio Small Town gang, and promoted, furthered, and assisted the gang's felonious criminal conduct. The expert further testified that the Barrio Small Town gang was an ally of the Eastside Anaheim gang, and that the primary activities of both gangs were the felony possession of weapons, felony vandalism, and aggravated assault.

The jury found Pineda and Zavala guilty of two counts of second degree robbery (Moreno and Quintero), two counts of assault with a deadly weapon and force

3

likely to produce great bodily injury (both Arciniega brothers), and one count of active participation in a criminal street gang; it also found these crimes were committed for the benefit of a criminal street gang. Pineda and Zavala were each sentenced to state prison for a total term of 17 years and four months, which included two years on the count of active participation in a criminal street gang to be served concurrently to the sentence on the count of the robbery of Moreno.

*Discussion*

The sentence imposed for the conviction of active participation in a criminal street gang should have been stayed pursuant to section 654, rather than ordered to run concurrently to the robbery conviction, because the same acts used as the basis for the robbery conviction were also used to prove the willful promotion element of the criminal street gang crime.

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

The crime of actively participating in a criminal street gang has three elements: (1) active participation in a criminal street gang; (2) knowledge that members of the gang have engaged in a pattern of criminal activity; and (3) an actor "who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (§ 186.22, subd. (a).) Mere membership in a criminal street gang without the specific intent to willfully promote and further the felonious criminal conduct by members of the gang is not punishable under this penal code section. (*People v. Mesa, supra,* 54 Cal.4th at pp. 196-197.)

In *People v. Mesa*, a gang defendant shot two people on two different days and was convicted of three crimes for each shooting: assault with a firearm, felon in possession of a firearm, and active participation in a gang. The California Supreme Court

4

concluded that imposition of the sentence on the gang crime was required to be stayed, because the statutory prohibition for crimes arising from an indivisible course of conduct applied where the defendant is convicted of both a crime that requires the intentional commission of an underlying offense as one of its elements and the underlying offense itself. As the court observed, "'the underlying [felonies] were the very act[s] that transformed mere gang membership – which, by itself, is not a crime – into the crime of gang participation.' [Citation.]" (*Id.* at p. 197.)

This is so here. The prosecution in this case presented evidence that Pineda and Zavala were part of the group of assailants who assaulted and robbed Moreno. The prosecution provided further evidence through the testimony of its gang expert that Pineda and Zavala were active members of the Barrio Small Town gang; that Barrio Small Town was in an alliance with the Eastside Anaheim gang; and that defendants committed the robbery of Moreno and the other felonies to willfully assist, further, or promote the Barrio Small Town gang's felonious purpose.

The prosecutor told the jury in Pineda's case that "the defendant willfully assisted, furthered or promoted felonious criminal conduct by members of the gang by either directly committing a felony offense or aiding and abetting. A felonious criminal conduct means basically any of the crimes charged in terms of the felonies." And, as to Zavala, the prosecutor told the jury, "We have numerous contacts. His OC tattoo on his chest. His moniker. Of course, the facts of this case. And [the expert's] opinion that he was a member of the gang, and an active participant in this particular crime."

The robbery of Moreno formed the basis for both Pineda and Zavala's convictions for robbery and one of the elements of the crime of active participation in a criminal street gang. The concurrent two-year sentence for the gang crime was a second punishment for the same act. Accordingly, the sentence should have been stayed pursuant to section 654.

*Disposition*

The judgment is modified to reflect that the sentence imposed for each defendant's conviction for active participation in a criminal street gang is stayed pursuant to section 654. As modified, the judgment is affirmed. The trial court is directed to send a corrected abstract of judgment to the Department of Corrections.